JANETTE K. BRIMMER (WSB #41271)
STEPHANIE K. TSOSIE (WSB #49840)
(*Admitted January 18, 2018*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104-1711
(206) 343-7340 | Phone
jbrimmer@earthjustice.org
stsosie@earthjustice.org

LINDZEY SPICE (WI #1056513)
Menominee Indian Tribe of Wisconsin
P.O. Box 910
W2908 Tribal Office Loop Road
Keshena, WI 54135
(715) 799-5194 | Phone
lspice@mitw.org

*Attorneys for Plaintiff Menominee Indian Tribe of Wisconsin*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| MENOMINEE INDIAN TRIBE OF WISCONSIN, | No. |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| U. S. ENVIRONMENTAL PROTECTION AGENCY, SCOTT PRUITT, Administrator, U. S. Environmental Protection Agency, U. S. ARMY CORPS OF ENGINEERS, MARK T. ESPER, Secretary, U. S. Army, | |
| Defendants. | |

INTRODUCTION

1. Plaintiff Menominee Indian Tribe of Wisconsin, a federally-recognized American Indian Tribe ("Menominee Tribe" or "Tribe"), brings this action to protect the Menominee Tribe's environmental and cultural interests in the Menominee River, which borders both the

State of Michigan and the State of Wisconsin, and adjacent wetlands, and to protect many sites of great cultural, religious, and historic significance to the Menominee Tribe.

2. The Menominee Tribe brings this complaint for declaratory and injunctive relief to address the failure of the U.S. Environmental Protection Agency ("EPA") and the U.S. Army Corps of Engineers ("Corps") to comply with Clean Water Act requirements concerning jurisdiction and permitting for dredged or fill material in waters of the United States. EPA and the Corps' failure and refusal to exercise jurisdiction over the Clean Water Act, Section 404 permitting for the proposed Back Forty Mine on the Menominee River violates Section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, and is arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Complaint raises two claims. The first claim is pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365(a)(2). EPA and the Corps have failed to perform non-discretionary acts and duties in their failure to exercise federal jurisdiction and control over the Section 404 permitting of the Back Forty Mine, which will dredge and/or fill wetlands adjacent to the Menominee River and will affect the River itself. EPA and the Corps have failed and refused their duty in favor of allowing the State of Michigan to exercise primary jurisdiction over the Menominee River and adjacent wetlands, contrary to the plain language of Section 404, 33 U.S.C. § 1344(g), where Congress directed that Section 404 permitting for waters such as the Menominee River and adjacent wetlands cannot be delegated to a state.

4. The second claim is pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. In both August of 2017 and November of 2017 the Menominee Tribe provided EPA and the Corps with information, including the Corps' own documentation, demonstrating that the Menominee River and adjacent wetlands had not been, and could not have been, delegated to the

State of Michigan for the purpose of issuing permits under Section 404. The Tribe requested EPA and the Corps to exercise their jurisdiction and take over the Section 404 permitting process for the proposed Back Forty Mine, and EPA and the Corps have expressly refused to do so, stating that jurisdiction lies with the State of Michigan by virtue of prior Section 404 permitting delegation to the State.

5. The Menominee Tribe seeks a declaration that CWA Section 404 permitting authority for the Menominee River and adjacent wetlands was not, and could not have been, delegated to the State of Michigan, and a declaration that either: EPA and the Corps have failed in their mandatory duty to exercise jurisdiction over Section 404 permitting for the Back Forty Mine on the Menominee River and adjacent wetlands; or, alternatively, that the Corps and EPA's decision refusing jurisdiction in favor of a claim of delegation to the State of Michigan, is a final agency action that is contrary to law and arbitrary and capricious. The Menominee Tribe further seeks injunctive relief in the form of an order directing EPA and the Corps to exercise Section 404 permitting jurisdiction over the Back Forty Mine permit and process.

## JURISDICTION AND VENUE

6. This complaint states a claim pursuant to the Clean Water Act, 33 U.S.C. §1365(a), which provides that the federal district courts shall have jurisdiction to order the EPA, and by extension the Corps, to perform nondiscretionary acts or duties, such as the obligation to exercise federal jurisdiction over any Section 404 permitting for the Back Forty Mine.

7. This complaint also states, in the alternative, claims under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., which authorizes the federal district courts to find unlawful and set aside final agency actions that are arbitrary and capricious, an abuse of discretion or otherwise not in accordance with applicable law. *Id.* § 706.

8. Jurisdiction also arises under 28 U.S.C. § 1362, which provides that "district courts shall have original jurisdiction of all civil actions, brought by any Indian Tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." In such actions, the federal district courts are authorized to grant declaratory and injunctive relief. 28 U.S.C. §§ 2201 and 2202.

9. Venue is appropriate in the Eastern District of Wisconsin under 28 U.S.C. § 1391(e) as the defendants are officers and agencies of the United States Government, the Menominee Tribe and its reservation lands are wholly within the State of Wisconsin, the Menominee Tribe's ancestral and ceded lands are in the States of Wisconsin and Michigan, the Menominee River forms the border between the states of Michigan and Wisconsin, the Section 404 permits for the Back Forty Mine will affect the Menominee River and wetlands and waters on both sides of the river, and the Section 404 permits will affect Menominee cultural, religious, and historic sites on both sides of the river.

PARTIES AND STANDING

10. The Menominee Indian Tribe of Wisconsin is a federally-recognized Indian tribe. The Menominee Tribe's ancestral territory spans the area now known as the State of Wisconsin, and parts of the States of Michigan and Illinois. In treaties with the United States in 1831, 1832, 1836, 1848, and 1854 the Menominee Tribe ceded a large portion of their ancestral territory, comprised of the Menominee River and areas along the River, including Green Bay, but retained a tract of land in reserve lying along the Wolf River in Wisconsin, which is now the present day Menominee Indian Reservation. The Menominee Tribe's governing headquarters are currently located in Keshena, Wisconsin.

11. Since time immemorial the Menominee Tribe has lived, hunted, fished, gathered, farmed and otherwise occupied and used the ceded lands, including the lands around the Menominee River. The Menominee Tribe has also practiced cultural and religious ceremonies in reservation lands, ceded lands, and included lands around the Menominee River. The Menominee Tribe's connection to the Menominee River is existential as the Menominee Tribe's origin story takes place at the mouth of the Menominee River.

12. Important ceremonial, cultural, and historic sites on or near the Menominee River, including burial mounds, ancient agricultural sites, dwelling sites, and cultural sites such as dance rings, are still present along the River on both the Wisconsin and Michigan banks of the River and extending into the surrounding forested areas where the proposed Back Forty mine and processing facilities will be located. Some of these sites have been identified by historians and researchers and/or by consultants for Aquila Resources, Inc. the proponent of and potential permittee for the Back Forty Mine project and some are already listed as eligible or potentially eligible for listing on the national register. Many additional historic, ceremonial, and cultural sites in the area have yet to be acknowledged, cataloged, or researched.

13. The Menominee Tribe has standing to bring this action. The Menominee Tribe and its members continue to use and enjoy their ceded lands, including the Menominee River, adjacent wetlands, and surrounding areas for recreation, hunting, and fishing, and continue to be culturally, spiritually, and historically connected to the cultural, ceremonial, religious, and historic sites that will be affected by the Back Forty Mine. The Menominee Tribe and its members have been harmed, are being harmed, and will be harmed by EPA and the Corps' failure to exercise federal jurisdiction over the Section 404 permitting of the Back Forty Mine as

set forth in this complaint. The relief requested herein will offer partial or whole redress for that harm.

14. The U.S. Army Corps of Engineers is charged with and authorized under the Clean Water Act, to issue Section 404 permits, after notice and opportunity for public hearing, for the discharge of dredged or fill material into navigable waters at specified disposal sites. 33 U.S.C. § 1344(a).

15. Mark T. Esper is the Secretary of the Army, the Chief Officer of the Corps, and is the federal official ultimately responsible for the Corps' administration and implementation of its duties and authorities under the Clean Water Act, Section 404. Secretary Esper is sued in his official capacity.

16. The U.S. Environmental Protection Agency is an agency of the United States charged with overseeing Section 404 permitting through which EPA may prohibit specification (including the withdrawal of specification) of areas that have been defined as disposal sites under Section 404(a) and EPA may deny or restrict the use of any defined area as a disposal site whenever the EPA Administrator determines, after notice and public hearings and review and consultation with the Corps, that the discharge of materials into the area will have an unacceptable adverse effect on municipal water supplies, shellfish beds and fishery areas, wildlife, or recreation areas. 33 U.S.C. § 1344(c).

17. EPA is further charged with overseeing delegation of Section 404 permitting to a state over some, but not all, waters where the proposed delegated state demonstrates certain criteria to EPA. 33 U.S.C. §§ 1344(g) and (h). Even after delegation, EPA retains authority to oversee a delegated state's Section 404 permitting, including objecting to proposed permits or portions of permits.

18. Scott Pruitt, the Administrator of EPA, is the chief officer of EPA, the federal official ultimately responsible for EPA's administration and implementation of its legal duties. Administrator Pruitt is sued in his official capacity.

19. By filing this action, the Menominee Indian Tribe of Wisconsin does not waive or limit its sovereign immunity and does not consent to suit as to any claim, demand, offset, or cause of action of the United States, it agencies, officers, agents, or any other person or entity in this or any other court.

## STATUTORY AND REGULATORY BACKGROUND

### I. THE CLEAN WATER ACT

20. Congress enacted the Clean Water Act to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

21. The Clean Water Act accomplishes this goal through a number of regulatory and permitting requirements. Foremost is the complete prohibition on any discharges of any pollutant, absent compliance with the regulatory requirements of the CWA. 33 U.S.C. § 1311(a). The prohibition applies to discharges of dredged or fill material into waters of the United States, absent a permit from the Corps ("Section 404 permits). 33 U.S.C. § 1344(a).

22. The Corps issues a Section 404 permit after engaging in, among other things, site specific documentation of waters and wetlands, analysis of potential impacts to those waters and wetlands from dredging and filling, analysis of mitigation including the proposal, magnitude, and quality of mitigation, public notice and opportunity for hearing, public interest analysis, and ultimately a formal determination. 33 C.F.R. § 322.3, and Pts. 323 and 325.

23. The Corps' Section 404 permit process is a federal action that also implicates the potential application of other federal statutes and requirements such as environmental review under the National Environmental Policy Act, 42 U.S.C. § 4332, consultation with the U.S. Fish

-7-
Case 1:18-cv-00108-WCG    Filed 01/22/18    Page 7 of 17    Document 1

and Wildlife Service under the Endangered Species Act, 16 U.S.C. § 1536, and/or consultation with Indian tribes under the National Historic Preservation Act. 54 U.S.C. § 306109.

24. EPA is authorized to prohibit the discharge of dredge or fill material at sites specified in a Corps' Section 404 permit whenever EPA determines that the discharge will have an unacceptable adverse effect on municipal water supplies, shellfish beds and fisheries, wildlife, or recreational areas. 33 U.S.C. § 1344(c). EPA has promulgated rules for executing its Section 404 authority and obligations at 40 C.F.R. Pt. 231.

25. Under the Clean Water Act, states may apply to EPA to be delegated the authority to administer a Section 404 permitting program for the discharge of dredged or fill material into navigable waters in their state, but those waters do not and cannot include "waters which are presently used, or are susceptible to use in their natural condition or by reasonable improvement as a means to transport interstate or foreign commerce shoreward to their ordinary high water mark. . . including wetlands adjacent thereto." 33 U.S.C. § 1344(g).

26. EPA retains the authority to review and object to permits proposed to be issued in a delegated state, such as Michigan, and EPA consults with the Corps and other federal agencies in reviewing and commenting on proposed permits within delegated states. 40 C.F.R. § 233.50 et seq.

FACTUAL BACKGROUND

I. THE MENOMINEE TRIBE'S CONNECTION TO THE MENOMINEE RIVER

27. Since time immemorial, the Menominee people have used and occupied a broad area throughout the part of the country that is now within the boundaries of the States of Wisconsin, Michigan, and Illinois. This area includes the present day Menominee reservation in Wisconsin, and it also includes the Menominee River that forms the border of Michigan and

Wisconsin, the lands bordering Green Bay, and the forests, wetlands, lakes, rivers and streams throughout that area. Within this area, the Tribe hunted, fished, farmed, and lived.

28. Within the Tribe's ancestral territory, the landscape is filled with sites of cultural, religious, ceremonial, and historic significance to the Menominee Tribe. The mouth of the Menominee River, where the River flows into the Bay of Green Bay, Lake Michigan, is the site of the Tribe's sacred place of origin. The banks of the Menominee River, including land on and near the Back Forty Mine site, contains cultural, ceremonial, and historic areas and sites that the Menominee Tribe, independent researchers, government personnel, and contractors have identified, including burial mounds, historic agricultural sites, dwelling sites, and cultural sites. Some of these sites, such as terraced agricultural sites along the river, may currently lie below the high water mark of the Menominee River. There are many additional sites that have not yet been formally, or informally, identified because there has not been a proper, comprehensive survey of the entire area to date. These sites occur over the entirety of the Menominee Tribe's ancestral territory, including areas outside of the Tribe's current reservation boundaries. The Menominee Tribe's cultural resources and historical resources are tied to its ancestral territories.

29. Protection of the Menominee Tribe's cultural heritage is of supreme importance to the Menominee Tribe. Destruction or damage to any one cultural resource, site, or landscape contributes to destruction of the Tribe's culture, history, and religion. Injury to the Menominee Tribes' cultural resources causes injury to the Tribe and its members.

30. The Menominee Tribe also has a cultural and religious interest in protecting and preserving the quality of the land, water, air, fauna, and flora within the Tribe's ancestral lands, including along the Menominee River. The Menominee Tribe has recently worked to reestablish wild rice at the mouth of the Menominee River, which is the Tribe's place of creation and is of

critical importance to the Tribe's culture and history. Wild rice is highly susceptible to pollutants from mining and industry. The Tribe also has an interest in protecting the Lake Sturgeon that migrate up the Menominee River. The Tribe is culturally tied to the Lake Sturgeon: it is part of the clan structure of the Tribe, and catching and consuming Lake Sturgeon is integral to the Tribe's cultural and ceremonial practices. Menominee Tribal members also currently hunt, fish, and practice ceremonies throughout their ancestral lands, including the Menominee River, for cultural and recreational purposes, and for subsistence.

## II. THE SECTION 404 PERMITTING PROGRAM AND DELEGATION

31. In December 1979, consultants retained by the Corps researched and reported to the Corps that the Menominee River and wetlands adjacent thereto is an interstate water which is presently used, or susceptible to use, in its natural condition or by reasonable improvement as a means to transport interstate or foreign commerce shoreward to their ordinary high water mark in accord with the definition in 33 U.S.C. § 1344(g) and Section 10 of the Rivers and Harbors Act.

32. Based, at least in part, upon the 1979 report and supporting research, Counsel for the Corps' Detroit Office recommended including the Menominee River and adjacent wetlands on a list of such "Section 10" waters in January 1982.

33. In 1984, EPA approved the delegation of Section 404 permitting to the State of Michigan under 33 U.S.C. § 1344(g).

34. The Menominee Tribe maintains that the Menominee River has not been, and could not have, delegated in under applicable law.

35. The Menominee River has been, and continues to be, used for interstate commerce, including the portions of the River at the location of, and downstream from, the proposed Back Forty Mine. Many area businesses rely on the River and use it for fishing,

boating, recreation, commerce, and industry. The Menominee River includes a bi-state designated recreation area.

### III. THE BACK FORTY MINE PROJECT AND PERMITS

36. The Back Forty Mine ("Mine") is a proposed sulfide mine sited on the banks of the Menominee River in Menominee County, Michigan (named after the Menominee Tribe).

37. Sulfide mines or sulfide ores refer to the properties of the rock that bear minerals such as gold, platinum, nickel, copper, or other minerals found in sulfide ores. The sulfide ores are reactive, meaning that they will form acids when exposed to water and air resulting in what is commonly referred to as "acid mine drainage," where there is runoff or leaching from mine surfaces and/or waste rock or tailings. The pollutants in this runoff are damaging to fish, vegetation, and water quality generally. Moreover, the sulfates in runoff or wastewater from mining are highly damaging to wild rice.

38. The Mine proponent is a Canadian company, Aquila Resources, Inc. ("Aquila").

39. In November 2016 Aquila applied to the Michigan Department of Environmental Quality ("DEQ") for a Section 404 Permit to allow Aquila to alter, destroy and/or eliminate waters and wetlands on and near the Mine site through discharge of dredge or fill material related to construction and operation of the Mine.

40. As part of its Section 404 application (and other state permits necessary for the Mine), Aquila completed an Environmental Assessment ("EA") document under Michigan State law. The EA provided, among other things, that the Mine would adversely affect a number of area wetlands, as well as affect the water table throughout the entire area, which will have attendant effects on the Menominee River itself and wetland areas on the Wisconsin side of the river. The EA shows that the Mine pit will actually alter the hydrology of the entire area during the period of time the Mine is in operation and for some years thereafter.

41. The EA also included the presence of a number of cultural and historic sites important to the Menominee Tribe that will be adversely affected, and potentially permanently damaged, by the presence of the Mine, including burial mounds, historic agricultural sites, and cultural sites. The EA is not a full survey of the entire area of the Mine or area that may be affected by the Mine and does not represent a complete identification of all potential cultural, historic or religious sites of importance to the Menominee Tribe.

42. In accordance with EPA regulations regarding delegated Section 404 programs, in May of 2016, DEQ supplied EPA with a copy of the application for the section 404 permit for the Mine. On August 15, 2016, after providing the proposed project and permit application to the Corps and U.S. Fish and Wildlife Service in accordance with EPA's Section 404 regulations for delegated programs, EPA objected to the proposed Section 404 permit for the Back Forty Mine because Aquila had not complied with EPA's CWA Section 404 Guidelines on matters such as completeness, stream and wetland impacts, cultural resources, mitigation and monitoring plans. As a result, Aquila withdrew the application in September of 2016.

43. On January 17, 2017, Aquila reapplied to the State of Michigan for the Section 404 permit. From the date of its original application in January of 2017, through December of 2017, Aquila continued to update the application. On December 8, 2017, the application was finally deemed administratively complete.

44. On August 21, 2017, the Menominee Tribe provided a letter to EPA and the Corps (copying DEQ), highlighting and noting to EPA and the Corps, the 1979 Corps' consultants' navigability report regarding the status of the River and adjacent wetlands and providing additional evidence of interstate commerce on the Menominee River. In that same letter, the Menominee Tribe advised the EPA and the Corps that they were the proper authorities

over the Section 404 permitting for the Mine, because the Menominee River and adjacent wetlands were not and could not be delegated to the State of Michigan in 1984 under 33 U.S.C. § 1344(g). The Tribe asked the EPA and the Corps to review the matter and make the jurisdictional determination.

45. Similarly, on August 18, 2017, Senator Baldwin of Wisconsin wrote to the Corps and requested that the federal agencies take jurisdiction of the Section 404 permitting for the Mine.

46. On August 25, 2017, the Corps responded to Senator Baldwin declining to exercise jurisdiction over the Section 404 permit for the Mine.

47. On September 28, 2017, the Corps responded to the Menominee Tribe. In that letter, the Corps did not specifically address the Menominee River's status as an interstate water used for the transport of interstate commerce. The Corps did respond that it would not exercise jurisdiction over the Section 404 permit for the Mine because the State of Michigan was delegated authority over Section 404 permitting and that EPA would exercise its authority to review and comment and potentially object to the proposed permit at a later date.

48. On October 13, 2017, EPA responded to the Menominee Tribe offering to "consult" with the Tribe regarding the Section 404 permit process, but it did not specify under which legal obligation it was offering to do so, nor did it specify topics on which to "consult." EPA also did not address the issue with respect to the Menominee River's status as an interstate water used for the transport of interstate commerce.

49. By letter dated November 6, 2017, the Menominee Tribe provided the EPA and the Corps with 60 days advanced Notice of Intent to Sue under the Clean Water Act, 33 U.S.C. § 1365, for the failure of EPA and the Corps to comply with their mandatory duty to exercise

jurisdiction over the Section 404 permit for the Back Forty Mine based on the fact that the Menominee River and its adjacent wetlands were not part of, and could not have been part of, a Section 404 delegation to the State of Michigan under 33 U.S.C. § 1344(g).

50. As of the date of this Complaint, DEQ has provided a copy of the proposed Section 404 Permit application for the Mine to EPA and has published a copy of the proposed Section 404 Permit application for public review and comment.

51. Upon information and belief, in accordance with its regulation for Section 404 delegated programs, EPA has solicited comment on the proposed Section 404 Permit for the Mine from the Corps and the U.S. Fish and Wildlife Service.

52. As of the date of this Complaint the Corps and EPA have not assumed jurisdiction over the Section 404 permit and process for the Back Forty Mine on the Menominee River.

FIRST CAUSE OF ACTION

EPA AND THE CORPS ARE IN VIOLATION OF THEIR MANDATORY DUTIES UNDER THE CLEAN WATER ACT, TITLE 33, U.S.C.

53. The Menominee Tribe re-alleges and incorporates each of the preceding paragraphs.

54. The Clean Water Act prohibits any discharge of any pollutant, absent compliance with the regulatory requirements of the Clean Water Act, 33 U.S.C. § 1311(a), and prohibits any discharges of dredged or fill material into waters of the United States, absent a permit from the Corps. 33 U.S.C. § 1344(a).

55. While the Clean Water Act allows for EPA to approve the delegation of some Section 404 permitting to a state, 33 U.S.C. § 1344(g), permitting in waters and their adjacent wetlands that are used, or could be used, in their natural condition or with reasonable improvement for transport in interstate commerce is not and cannot be delegated to a state. *Id.*

56. The Menominee River and its adjacent wetlands are waters that are used, or could be used, in their natural condition or with reasonable improvement for transport of interstate commerce and the Menominee River and its adjacent wetlands were not and could not be delegated for Section 404 permitting to the State of Michigan.

57. EPA and the Corps' failure to exercise jurisdiction over the Section 404 permitting for the Back Forty Mine on the Menominee River is a violation of their mandatory duties to exercise jurisdiction over Section 404 permitting under the Clean Water Act.

58. Based on the foregoing, and 33 U.S.C. §§ 1311, 1344(g), and 1365, Menominee Tribe is entitled to an order declaring EPA and the Corps in violation of the Clean Water Act and ordering EPA and the Corps to assume jurisdiction over the Section 404 permitting for the Back Forty Mine.

## SECOND CAUSE OF ACTION

## EPA AND THE CORPS' REFUSAL TO EXERCISE JURISDICTION IS CONTRARY TO LAW, AN ABUSE OF DISCRETION, AND ARBITRARY AND CAPRICIOUS, 5 U.S.C. § 706(2)(A)

59. The Menominee Tribe re-alleges and incorporates each of the preceding paragraphs.

60. The Administrative Procedure Act authorizes courts reviewing agency action to hold unlawful and set aside final agency action, findings and conclusions that are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A)

61. The Corps itself recognized that the Menominee River and adjacent wetlands are interstate waters that are presently used and/or could be used in their natural condition or with

reasonable improvement, to transport interstate commerce. The Corps has been provided further evidence of that use in interstate commerce for fishing, boating, commerce, and industry.

62. EPA and the Corps' refusal to exercise jurisdiction over the Section 404 permitting for the Back Forty Mine permit is contrary to the Clean Water Act which plainly provides that Section 404 permitting for the Menominee River and its adjacent wetlands were not and could not be delegated to the State of Michigan in 1984.

63. EPA and the Corps' responses to Senator Baldwin and the Menominee Tribe constitute final agency action on the matter of exercising jurisdiction over the Section 404 permit and process for the Back Forty Mine.

64. EPA and the Corps' refusal to exercise jurisdiction over the Section 404 permitting for the Back Forty Mine permit is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

65. Based on the foregoing and 33 U.S.C. § 1344(g) and 5 U.S.C. § 706(2)(A), the Menominee Tribe is entitled to an order declaring EPA and the Corps in violation of the Clean Water Act and their refusal to exercise jurisdiction as arbitrary, capricious, and an abuse of discretion, and ordering EPA and the Corps to assume jurisdiction over the Section 404 permitting for the Back Forty Mine.

REQUEST FOR RELIEF

Based on the foregoing, Menominee Indian Tribe of Wisconsin requests the following relief:

1. A declaration that EPA acted in violation of the Clean Water Act and arbitrarily and capriciously and abused its discretion in failing to exercise federal jurisdiction over the Section 404 permitting for the Back Forty Mine;

2. A declaration that the Corps acted in violation of the Clean Water Act and arbitrarily and capriciously and abused its discretion in refusing to exercise federal jurisdiction over the Section 404 permitting for the Back Forty Mine;

4. An order enjoining and instructing EPA and the Corps to assume control and exercise jurisdiction over the Section 404 permitting for the Back Forty Mine;

5. An award of Menominee Indian Tribe of Wisconsin's costs and attorneys' fees as determined appropriate under the Clean Water Act and/or Equal Access to Justice Act; and

6. Such other and further relief as the Court deems just and equitable.

Dated: January 22, 2018                Respectfully submitted,

*/s/Janette K. Brimmer*
_____
JANETTE K. BRIMMER (WSB #41271)
STEPHANIE K. TSOSIE (WSB #49840)
(*Admitted on January 18, 2018*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104-1711
Phone: (206)343-7340 | Fax: (206)343-1526
jbrimmer@earthjustice.org
stsosie@earthjustice.org

LINDZEY SPICE (WI #1056513)
Menominee Indian Tribe of Wisconsin
P.O. Box 910
W2908 Tribal Office Loop Road
Keshena, WI 54135
Phone: (715) 799-5194
lspice@mitw.org

*Attorneys for Plaintiff Menominee Indian Tribe of Wisconsin*