UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| MENOMINEE INDIAN TRIBE OF WISCONSIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> U. S. ENVIRONMENTAL PROTECTION ) <br> AGENCY, ANDREW WHEELER, Acting ) <br> Administrator, U. S. Environmental Protection ) <br> Agency, U. S. ARMY CORPS OF ENGINEERS, ) <br> MARK T. ESPER, Secretary, U.S. Army, ) <br> ) <br> Defendants, ) <br> ) <br> AQUILA RESOURCES, INC., ) <br> ) <br> Intervenor-Defendant. ) <br> _____ ) | No. 1:18-cv-00108 -WCG <br><br> PLAINTIFF'S MEMORANDUM IN <br> SUPPORT OF MOTION TO AMEND <br> COMPLAINT |

INTRODUCTION

This memorandum is filed concurrently with and in support of Plaintiff Menominee Indian Tribe of Wisconsin (the "Menominee Tribe" or "Tribe") Motion to Amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2), L.R. 15, and L.R. 7. The Tribe has conferred with Defendants and Intervenor-Defendants and they state their position as follows: Intervenor-Defendant Aquila Resources, Inc. opposes the Motion to Amend; Defendants U.S. Environmental Protection Agency et al. oppose the Motion.

BACKGROUND

I. PROCEDURAL HISTORY

The Menominee Tribe filed its original complaint on January 22, 2018 challenging the Environmental Protection Agency's ("EPA") and Army Corps of Engineers' ("Corps") refusal to

1

assume jurisdiction over the Clean Water Act Section 404 permit applied for by Intervenor-Defendant Aquila Resources, Inc. ("Intervenor") for the proposed Back Forty Mine (the "Mine") on the Menominee River. Complaint, ECF 1. In lieu of Answers, Defendants and Intervenor filed Motions to Dismiss (ECF 6 and 14), which were heard by the Court on August 1, 2018. The parties submitted Supplemental Briefs on the Motions to Dismiss (ECF 31, 32, and 33) and the matter is pending. As of the date of this Motion, the Court has not set a schedule for the case.

FACTS GIVING RISE TO MOTION TO AMEND COMPLAINT

In January of 2018, the Menominee Tribe's claims concerned the Defendants' failure to exercise jurisdiction over the Section 404 permit for the Back Forty Mine. The Tribe plead two causes of action, one under the citizen suit provisions of the Clean Water Act, 33 U.S.C. § 1365, and one under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* At the time of the Menominee Tribe's Complaint and the initial filing of the Motions to Dismiss, the State of Michigan had not yet issued a final Section 404 permit for the Mine. Michigan issued the final Section 404 permit (the "Permit") for the Mine on June 4, 2018. *See* ECF 26.

A. EPA Objections to the Section 404 Permit.

Pursuant to the Clean Water Act, the State of Michigan may only issue the Section 404 permit after EPA has had the opportunity to review it and as long as the EPA has no outstanding objection to the permit. 33 U.S.C. § 1344(j). As required by 33 U.S.C. § 1344(j), Michigan submitted the proposed Permit to EPA for review on December 8, 2017. EPA's Section 404 Guidelines, which apply to both Corps and state-issued permits, are at 40 C.F.R. pt. 230. The Guidelines provide criteria for what must be reviewed and assessed before issuing a permit and dictate how permitting determinations must be made and documented. On March 8, 2018, EPA objected to the Permit on a number of grounds including:

2

- Failure to adequately describe the Mine project such that the extent of the Mine's impacts on aquatic resources could not be adequately assessed;

- Because the impacts on aquatic resources could not be assessed, there was also a failure to determine whether or not those impacts had been minimized or could be avoided;

- Failure to demonstrate that the Mine's discharges to the Menominee River and related wetlands will meet applicable water quality standards, including a failure to provide sufficient information for monitoring locations, minimization measures, or adaptive management procedures to prevent leaching of toxic compounds from mine facilities and pit;

- Failure to adequately characterize the Mine's secondary impacts on area wetlands because it lacked information on how the Mine's water drawdown of approximately 125,000 gallons per day will affect surrounding wetlands;

- Failure to adequately investigate and properly assess the proposed wetland mitigation measures.

*See* copy of EPA objection, with enclosure, dated March 8, 2018, Second Declaration of Lindzey Spice, Exhibit A ("Second Spice Decl."). EPA directed that in order to address its objections, Michigan shall require Aquila to provide additional information on the Mine project, including:

- Adequate characterization of wetland impacts, including secondary wetland and stream impacts;

- Additional detailed information regarding monitoring, impact criteria, and specific adaptive management mechanisms sufficient to demonstrate avoidance and minimization of impacts to aquatic resources and preventions of contamination;

- Demonstration with supporting documentation that the Mine site is protective of water quality in the Menominee River and other waters throughout the area for both the life of the Mine and post-mine closure;

- Additional documentation for assessing Menominee River bank stability and erosion potential in order to assess and demonstrate mine integrity;

- Additional documentation necessary to demonstrate that the proposed preservation area meets the requirements of federal mitigation requirements.

*Id.*

3

On May 3, 2018, EPA withdrew its Objections. *See* copy of EPA letter dated May 3, 2018, Second Spice Decl., Ex. B. EPA claimed that EPA's objections had been satisfied based in large part on the State of Michigan agreeing to place conditions in the Permit that will require future actions, reviews, and approvals that occur after the final permit has been issued and without public input. Few details of the future actions, reviews, and approvals have been specified or disclosed by EPA. The May 3, 2018 letter does not cite to record evidence nor does it provide analysis, detail, or explanation of why future promises or conditions that will not be specified or imposed until after final permit issuance address any, much less all, of EPA's initial objections to the Section 404 Permit or the Permit's deficiencies under the Section 404 Guidelines. For some of EPA's objections, the May 3, 2018 letter simply states that Intervenor had provided information that "resolved" EPA's concerns without additional detail, analysis or explanation. *See*, Spice Decl., Ex. B at 1-2.

      B.      <u>Consultation Under the National Historic Preservation Act.</u>

Throughout the Section 404 permitting process, no federal agency has consulted with the Menominee Tribe as required by the National Historic Preservation Act ("NHPA"). Section 106 of NHPA requires that prior to issuance of a federal permit or license, federal agencies shall take into consideration the effects of that undertaking on historic properties. 54 U.S.C. § 306108. Agencies must complete the Section 106 consultation process prior to the issuance of any license. 36 C.F.R. § 800.1. Undertaking is defined as a project, activity or program under the direct or indirect jurisdiction of a federal agency, including those requiring a federal permit, license or approval and those subject to State or local regulation administered pursuant to a delegation or approval by a federal agency. 54 U.S.C. § 300320; 36 C.F.R. § 800.16(y). The Section 106 process specifically requires consultation with Indian Tribes on federal undertakings that potentially affect sites that are culturally significant to Indian Tribes. 54 U.S.C. § 303707;

4

36 C.F.R. § 800.2(c)(2). Consultation with a Tribe must occur regarding sites with "religious and cultural significance" on both lands within the boundaries of a reservation and on ancestral or ceded land. 36 C.F.R. § 800.2(c)(2)(II)(D). If the agency determines no historic properties will be affected, it must provide notice of the finding to state and tribal historic preservation offices and the Advisory Council on Historic Preservation, 36 C.F.R. § 800.4(d), and those parties have the opportunity to object to such a finding, which in turn elevates the consultation process further. *Id.* If the agency finds the historic properties are affected, it must provide notification to all consulting parties and invite their views. Any adverse effect to historic properties must be resolved, involving all consulting parties and the public. 36 C.F.R. § 800.6.

On August 21, 2017, the Menominee Tribe described to EPA and the Corps the application of NHPA requirements that would be and are part of the Corps' and EPA's responsibilities as federal agencies for the cultural and historic sites along the Menominee River which would be affected by the Section 404 permit for the Mine. *See* copy of letter attached as Exhibit E to first Declaration of Lindzey Spice, filed in support of the Tribes' response on Motions to Dismiss, ECF 21-2 ("First Spice Decl."). In its October 13, 2017 response, EPA responded to the Menominee Tribe offering to "consult" with the Tribe regarding the Section 404 permit process, but it did not specify under which legal obligation it was offering to do so, nor did it specify topics on which to "consult." First Spice Decl., ECF 21-2, Ex. G. EPA did not mention NHPA obligations and no consultation under the NHPA has occurred with either EPA or the Corps concerning the Menominee Tribe's cultural and historic sites near the Mine that will or may be adversely affected by issuance of the Section 404 Permit.

With the finalization of the Permit, the Menominee Tribe seeks to add two claims and causes of action against the Defendants in a First Amended Complaint. First, the Tribe seeks to

5

add a claim that EPA's withdrawal of its objections to the Permit were arbitrary and capricious and contrary to law under the APA. Second, the Tribe seeks to add a claim that failure of Defendants to consult with the Menominee Tribe pursuant to the NHPA before the Permit for the Mine was issued is arbitrary and capricious and contrary to law under the APA. The Menominee Tribe meets the requirements for amending its Complaint as set forth below.

ARGUMENT

The Menominee Tribe seeks leave to amend its Complaint in order to reflect the current posture of this case to include claims that have become ripe as of June 4, 2018, the date the final Section 404 permit was issued, and to ensure all causes of action related to the Back Forty Mine's Section 404 permit are properly before the Court for resolution.

I. UNDER THE LAW, LEAVE TO AMEND IS FREELY GIVEN.

Rule 15(a)(2) provides this Court authority to grant Menominee Tribe's Motion to Amend its Complaint with the Court's leave, and further prescribes that "[t]he court should freely give leave when justice so requires." It has long been settled that a plaintiff should be permitted to amend its complaint "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts have been instructed to heed the Federal Rules' mandate that leave to amend should be freely given. *Id*. Leave to amend "shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Life Plans, Inc. v. Security Life of Denver Ins. Co.,* 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman,* 371 U.S. at 182)). *See also*, *Airborne Beepers & Video, Inc. v. At & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). The Seventh Circuit has further noted that the liberal standard for amending is especially important in cases where the law is uncertain. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 520 (7th Cir. 2015). Denials of motions to amend are disfavored. *Bausch v. Stryker Corp.,*

6

630 F.3d 546, 562 (7th Cir. 2010). Here, there has been no bad faith, no delay, and no prejudice will result to any party. Further, amendment to include these causes of action is not futile.

II. THE MENOMINEE TRIBE'S MOTION TO AMEND MEETS THE REQUIREMENTS OF FED. R. CIV. P. RULE 15.

    A.    <u>The Menominee Tribe's Motion To Amend Its Complaint Is Made In Good Faith.</u>

The Menominee Tribe commenced this case in January of 2018, having given the required 60-day advance notice for a citizen suit under the Clean Water Act. At multiple times during the Section 404 permitting process, the Menominee Tribe has made clear its claims, interests, and objections with respect to permitting the Back Forty Mine on the Menominee River at the location of numerous sites of cultural and historic significance to the Tribe. The Menominee Tribe has stated its position in comments to state and federal agencies, in state contested case proceedings, and in letters requesting action by the federal agencies. Since the filing of the Complaint, the Menominee Tribe has diligently pursued prosecution of its case in accordance with all rules and scheduling orders. This Motion to Amend seeks to add claims that are now ripe to ensure that the Menominee Tribe's interests are fully protected and that all federal causes of action and claims can be adjudicated in this proceedings. There is no bad faith in the Menominee Tribe's motion to amend.

    B.    <u>Menominee Tribe's Motion Is Timely.</u>

This motion is also timely as it is made within three months of the claims becoming ripe and before any scheduling order or actions beyond the initial Motions to Dismiss.

The Menominee Tribe could not have amended the complaint prior to June 4, 2018 to include the claims discussed in this Motion, because the Section 404 Permit had not yet been issued. Indeed, in their Motion to Dismiss, the Defendants argued that they could still assume permitting authority and still give the Tribe the relief it seeks up until the Permits were issued.

7

ECF 7 at 13-16. When the State issued the Section 404 permit, the Menominee Tribe's two additional claims became ripe.

Under the Clean Water Act, once EPA objected to the permit the State could only issue the permit if Michigan cured the deficiencies and EPA withdrew its objection. 33 U.S.C. § 1344(j). If EPA did not withdraw its objection, then the Corps would assume permitting authority for the Section 404 Permit. *Id.* EPA's withdrawal of its objections to the Section 404 permit here not only allowed for the State to issue the final Permit, but also ripened Menominee Tribe's claim that the withdrawal of EPA's objections was arbitrary, capricious, and contrary to law. Relatedly, once EPA withdrew its objection and the State issued the Permit, the failure of the agencies to consult with the Menominee Tribe pursuant to Section 106 of the NHPA became final and the claim for that failure ripe.

Further, this case is still in its earliest stages. This Court has yet to set a scheduling order and EPA has yet to file an administrative record. The only actions have been the briefing and argument associated with the Motions to Dismiss. The parties had completed the briefing for the Motions to Dismiss before June 4, 2018, the date of final permit issuance. As of the date of this Motion to Amend, the Court has not yet ruled on the Motions to Dismiss. The Menominee Tribe's Motion to Amend is timely.

### C. Defendants Will Not Suffer Prejudice.

Amending the Complaint to include the two additional causes of action will ensure that Defendants are able to respond to all claims related to Defendants' actions or failure to act on the Back Forty Mine in a timely manner. At the August 1, 2018 hearing, the Tribe notified the Court and all parties that it would seek to amend its complaint to include causes of action related to the final Section 404 permit. The case is still in its early stages and will not be unreasonably delayed

8

by this amendment.  Indeed, folding in the two additional claims at this time is in the interest of efficiency for the Court and all parties involved.  Defendants and Intervenors will not be unduly prejudiced by amending the complaint.

    D. <u>Menominee Tribe's Request To Amend Its Complaint Is Not Futile.</u>

  Menominee Tribe's Motion to Amend its Complaint is not futile and ensures that all issues related to Defendants and their actions on the Back Forty Mine are properly before the Court.  The two additional claims relate directly to finalization and approval of the Section 404 permit, which had not yet been issued at the time the Tribe filed its complaint.  The Tribe makes this Motion to Amend now that the claims are ripe.

  The claims to be included through the Motion to Amend are not affected by the pending resolution of the Motions to Dismiss because they rely on legal grounds independent of how the Court rules on the Motions to Dismiss.  For example, even if the Court were to find that the claims concerning the status of permitting on the Menominee River should be dismissed as filed too late, the claims in the proposed Amended Complaint could still proceed as they plainly did not arise until after June 4, 2018 and they are not dependent upon the status of permitting on the Menominee River under the Clean Water Act. The additional claims could be brought regardless of the outcome on the Motions to Dismiss.  Finally, the additional claims are not barred by any statute of limitation, but rather, fall within the six-year statute of limitation for APA claims.  For these reasons, the Tribe's Motion to Amend its Complaint is not futile.

CONCLUSION

  For these reasons and in the interests of full and just resolution of this matter, Menominee Tribe respectfully asks the Court to grant its Motion to Amend its Complaint.

9

Case 1:18-cv-00108-WCG   Filed 09/11/18   Page 9 of 10   Document 35

Dated:  September 11, 2018.	Respectfully submitted,

*s/Janette K. Brimmer*
JANETTE K. BRIMMER (WSB #41271)
STEPHANIE K. TSOSIE (WSB #49840)
(*Admitted on January 18, 2018*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104-1711
Phone: (206)343-7340 | Fax: (206)343-1526
jbrimmer@earthjustice.org
stsosie@earthjustice.org

LINDZEY SPICE (WI #1056513)
Menominee Indian Tribe of Wisconsin
P.O. Box 910
W2908 Tribal Office Loop Road
Keshena, WI 54135
Phone: (715) 799-5194
lspice@mitw.org

*Attorneys for Plaintiff Menominee Indian Tribe of Wisconsin*