UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Civil No. 1:18-cv-108 (WCG)

| | |
|---|---|
| Menominee Indian Tribe of Wisconsin, | |
| Plaintiff, | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND |
| v. | |
| United States Environmental Protection Agency, et al., | |
| Defendants. | |

INTRODUCTION

The Tribe's motion to amend its Complaint (ECF No. 34) should be denied because the Tribe's two proposed new counts fail to state claims upon which relief may be granted. The Tribe's proposed Count 3 seeks judicial review of EPA's May 3, 2018, letter to the Michigan Department of Environmental Quality ("MDEQ"), which the Tribe characterizes as withdrawing EPA's objections to MDEQ's proposed permit. However, EPA's review of state-issued Clean Water Act ("CWA") permits is discretionary, and not otherwise subject to judicial review in federal court. *See Am. Paper Inst. v. EPA*, 890 F.2d 869, 875 (7th Cir. 1989). The Tribe's proposed Count 4 asserts a violation of the consultation requirement in section 106 of the National Historic Preservation Act ("NHPA"), but that requirement only applies to federally funded or licensed undertakings, neither of

which is at issue here. *See Nat'l Mining Ass'n v. Fowler*, 324 F.3d 752, 759-60 (D.C. Cir. 2003). Because neither proposed claim would survive a motion to dismiss, amending the Complaint would be futile and the Tribe's motion should be denied.

## STATUTORY BACKGROUND

We explained in our memorandum in support of our motion to dismiss (ECF No. 7) that a State that administers the CWA Section 404 permit program must provide to EPA a copy of all permit applications and proposed permits. 33 U.S.C. § 1344(j). If EPA objects to a proposed permit, the State may either issue a revised permit that resolves EPA's objections; deny the permit application; or request a public hearing. *Id.*; 40 C.F.R. § 233.50(f), (g). If the State takes none of these actions within 90 days, permitting authority transfers to the Corps by operation of law. 33 U.S.C. § 1344(j); 40 C.F.R. § 233.50(i), (j).

The NHPA "is a 'stop, look, and listen,' provision that requires each federal agency to consider the effects of its programs," but does not require that they reach particular outcomes. *Muckleshoot Indian Tribe v. U.S. Forest Serv.*, 177 F.3d 800, 805 (9th Cir. 1999). Section 106 of the NHPA requires federal agencies "having direct or indirect jurisdiction over a proposed Federal or federally assisted undertaking" to "take into account" the effect of their actions on sites and structures eligible for inclusion in the National Register of Historic Places. 54

U.S.C. § 306108. The NHPA defines an "undertaking" as a "project, activity, or program," including, among other things, those "requiring a Federal permit" and "those subject to State or local regulation administered pursuant to a delegation or approval by a Federal agency." *Id.* § 300320.

## FACTUAL BACKGROUND

On March 8, 2018, EPA objected to MDEQ's proposed Section 404 permit for Aquila's Back Forty Mine. Aquila provided additional information, and on May 3, 2018, EPA wrote to MDEQ describing the objections that EPA considers resolved, and the objections that EPA explained would be resolved through appropriate terms and conditions in a final state-issued permit. Both letters are attached to the Tribe's motion. *See* ECF Nos. 35-3, 35-5. On June 3, MDEQ issued a Section 404 permit with the necessary terms and conditions to satisfy the remaining objections in EPA's May 3 letter.

## ARGUMENT

Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a motion to amend should be denied if the amendment would be futile, *i.e.*, if the would-be amended pleading could not withstand a motion to dismiss for failure to state a claim. *EEOC v. Orion Energy Systems, Inc.*, 145 F.Supp.3d 841, 844 (E.D. Wisc. 2015) (citation omitted).

3

Because neither of the proposed additional counts state a claim on which relief may be granted, the amendment would be futile and should be denied.

## I. EPA'S MAY 3 LETTER IS NOT JUDICIALLY REVIEWABLE FINAL AGENCY ACTION.

The Tribe asserts that EPA's May 3 letter violates the CWA and EPA's regulations, and is arbitrary and capricious and otherwise violates the Administrative Procedure Act ("APA"). Proposed Complaint ¶ 89 (ECF No. 35-1). The Tribe argues that the May 3 letter does not cite any "record evidence" nor does it provide any "analysis, detail, or explanation of why future promises or conditions" address EPA's objections. *Id.* ¶ 73.

To the extent the Tribe is attempting to state a claim for a violation of either the CWA or EPA's regulations, the Tribe fails to point to any cause of action in that statute. Furthermore, the Tribe runs afoul of the well-established rule that the content of an agency's decision can only be challenged under the APA, if at all, not in a citizen suit under 33 U.S.C. § 1365(a)(2). *Scott v. City of Hammond*, 741 F.2d 992, 995 (7th Cir. 1984); *see also Wisconsin's Envt'l Decade, Inc. v. Wisconsin Power & Light Co.*, 395 F. Supp. 313, 321 (W.D. Wisc. 1975) (finding that the predecessor provision to 33 U.S.C. § 1365(a)(2) "was intended to provide relief only in a narrowly-defined class of situations in which the Administrator failed to

perform a mandatory function; it was not designed to permit review of the performance of those functions").[1]

To the extent the Tribe argues, instead, that the May 3 letter is judicially reviewable final agency action under the APA, the Tribe's claim fails to state a claim under *American Paper Institute*. In that case, EPA objected to permits proposed by the Wisconsin Department of Natural Resources under CWA section 402, 33 U.S.C. § 1342.[2] The State modified the permits to satisfy EPA's objections, and the permittee sought judicial review. 890 F.2d at 870-72.

The Seventh Circuit held that although "EPA objections to state permits could arguably be challenged in district court under the Administrative Procedure Act," such review is unavailable, both because the CWA precludes such review and because an EPA objection is an agency action that "is committed to agency discretion." 890 F.2d at 875. In particular, the court explained that Congress "clearly intended to preclude federal review of state-issued permits," to "put the regulatory burden on the states," and to "give [EPA] broad discretion in

---

[1] The same reasoning applies to the extent the Tribe is attempting to state a claim for a violation of the NHPA in proposed Count 4, as opposed to a claim for judicial review under the APA based on an alleged failure to comply with the NHPA.

[2] State permitting programs under section 402 are subject to an EPA oversight process that is parallel to the section 404 process. A State may not issue a section 402 permit over EPA's objection, and if a State fails to submit a revised permit that resolves EPA's objections, permitting authority reverts to EPA. *See* 33 U.S.C. § 1342(d)(4).

administering the program." *Id., quoting District of Columbia v. Schramm*, 631 F.2d 854, 860 (D.C. Cir. 1980). Because "EPA needs a range of discretion to accomplish this goal . . . federal courts should leave EPA with discretion to review state-issued permits." *Id.* Instead, "state courts may examine challenges to any pertinent EPA objections" which they are "perfectly competent" to do. *Id.*

Thus, under binding circuit precedent, EPA objections are not reviewable in federal court.

The Tribe may point to *Friends of the Crystal River v. EPA*, 35 F.3d 1073, 1079 (6th Cir. 1994), for the proposition that EPA objections are "final" agency actions. In *Crystal River* the court invalidated EPA's attempt to withdraw an objection after the 90-day clock had expired, and permitting authority had transferred to the Corps. The court noted that "EPA's withdrawal of its objections is a final decision." *Id.* However, the court did not review the merits of EPA's objections, or the merits of EPA's decision to withdraw those objections, which is what the Tribe seeks. Instead, the court reviewed EPA's attempt to undo the transfer of permitting authority from the State to the Corps.

The *Crystal River* court explained that "the transfer of permitting authority back to the state [*sic*] was a non-discretionary act," because the statute "both requires the agency to act within a certain time period and specifies a consequence

6

if that requirement is not met." *Id.* at 1079-80.[3] Because the court was "faced with a final, *non-discretionary* agency act," the court concluded that "review is appropriate." *Id.* at 1079 (emphasis added). Notably, the court did not hold that EPA's withdrawal of its objections lacked record support or was arbitrary. The court did not even discuss the merits of EPA's decision to withdraw its objections. The court simply held that once 90 days elapse after EPA objects, permitting authority is vested in the Corps (assuming the state neither issues a revised permit, nor denies the permit, nor requests a hearing). *Id.* at 1080. Here, in contrast, MDEQ acted timely and permitting authority never transferred to the Corps.[4]

---

[3] Although the *Crystal River* court referred to the transfer "back to the state" as a non-discretionary act, the court presumably meant that the transfer to the Corps after the expiration of 90 days is non-discretionary. *See, e.g.*, 35 F.3d at 1080 (finding that authority transfers to the Corps upon expiration of the statutory timeframe); *id.* at 1079 n.12 (noting that the "transfer of authority to the Army Corps" is "not so discretionary that there is no law to apply").

[4] The *Crystal River* court questions whether the Seventh Circuit should have decided *American Paper* on the basis that objections are not final, instead of on the basis that objections are discretionary, but the Seventh Circuit has not re-visited its reasoning and *American Paper* remains the law of this circuit. And, even if that court were to do so, an agency action can be "final" but unreviewable because it is committed to the agency's discretion. Furthermore, finality under the APA requires an action that determines rights or obligations or has legal consequences. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Where a state administers the CWA Section 404 permit program, the rights, obligations, and legal consequences flow from the state's decision to issue or to deny a permit, not from EPA's objection.

7

Because EPA's objections are discretionary and therefore not reviewable, the Tribe's proposed Count 3 fails to state a claim upon which relief can be granted.

## II. THERE IS NO DUTY TO CONSULT ON A STATE-ISSUED PERMIT.

The Tribe also asserts that section 106 of the NHPA requires the federal agencies to consult with the Tribe. Proposed Compl. ¶ 95 (ECF No. 35-1). However, as the D.C. Circuit has explained, section 106 consultation applies not just to "undertakings," but "by its terms only to *federally funded* or *federally licensed* undertakings." *Fowler*, 324 F.3d at 760 (citation omitted). Neither is at issue here, because the permit in question was issued by MDEQ. While the permit may be an "undertaking," as it is "subject to State or local regulation administered pursuant to a delegation or approval by a Federal agency," 54 U.S.C. § 300320, it is not a *federally* funded or licensed undertaking. Because there is no federal permit, section 106 "simply does not apply." *Fowler*, 324 F.3d at 759 (citation omitted). The Tribe's proposed Count 4 therefore fails to state a claim upon which relief can be granted.

## CONCLUSION

For these reasons, the Court should deny the Tribe's motion to amend its Complaint (ECF No. 35).

Respectfully submitted,

8

*s/* Daniel R. Dertke
                                            DANIEL R. DERTKE
                                              *Environmental Defense Section*
                                              *Environment and Natural Res. Div.*
                                              *U.S. Department of Justice*
                                              *P.O. Box 7611*
                                              *Washington, D.C. 20044*
                                              *(202) 202-514-0994*
                                              *daniel.dertke@usdoj.gov*

OCTOBER 10, 2018
90-5-1-4-21220

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, I electronically filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND with the Clerk of the Court by using the CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                s/ Daniel R. Dertke  
                                                DANIEL R. DERTKE